# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:11cr23-1** |
| | : | **No. 3:16cv1368** |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **KAREEM SHABAZZ,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is Defendant Kareem Shabazz's motion to vacate and correct his sentence under 28 U.S.C. § 2255.  Defendant seeks relief from a sentence imposed under the Armed Career Criminal Act (hereinafter "ACCA") and federal "Three Strikes Law" (hereinafter "TSL").   The applicability of these statutes, and their mandatory minimum sentences, hinges on whether defendant's prior robbery convictions from New York state amount to "violent felonies" under federal law.  The motion has been fully briefed and is ripe for disposition.

## Background

The United States brought charges against Defendant Shabazz related to a robbery at the M&T Bank in Hanover Township, Pennsylvania.  At the conclusion of a four-day trial, on May 4, 2012, a jury convicted defendant of the following charges:  Count 1 -Brandishing a Firearm During and in Relation to a Crime of

Violence, 18 U.S.C. § 924(o); Count 2 – Bank Robbery, 18 U.S.C. § 2113(d) and 2; Count 3 - Using a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. § 924(c) and 2; Count 4 - Possession of Firearm by a Person Convicted of a Crime Punishable by Imprisonment Exceeding One Year, 18 U.S.C. § 922(g)(1) and § 924(e); and Count 5 - Transportation of a Firearm in Interstate Commerce, 18 U.S.C. § 924(b) and 2.  (Doc. 112, Verdict).

The court sentenced defendant to a term of life imprisonment on Counts 1, 2, and 5, and one hundred eighty (180) months (that is fifteen years) on Count 4 to run concurrently with the sentences on Counts 1, 2 and 5.  On Count 3, the court imposed another life sentence to be served consecutively to the terms imposed on Counts 1, 2, 4, and 5.  (Doc. 133, Judgment).  The court imposed the life sentences pursuant to the TSL and the fifteen-year sentence as a mandatory minimum under the ACCA.  These statutes were invoked due to the defendant's prior state court criminal convictions.  Defendant now argues that the sentences are unconstitutional under the Supreme Court's decision in Johnson v. United States, - - U.S. - - , 135 S.Ct. 2551 (2015).

Defendant appealed his conviction to the United States Court of Appeals for the Third Circuit. (Doc. 139, Notice of Appeal).  The Third Circuit affirmed his conviction on August 8, 2013. (Doc. 163, Doc. 164, Judgment and Mandate of the United States Court of Appeals); 533 Fed. Appx. 158 (3d Cir. 2013).

2

Defendant then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on December 16, 2013. Shabazz v. United States, 134 S.Ct. 832 (2013).

Defendant then filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. We denied that motion on February 17, 2016. (Doc. 177). On June 24, 2016, the defendant filed a counseled motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. This motion raised arguments based upon the Supreme Court decision in Johnson v. United States, - - U.S. - - , 135 S.Ct. 2551 (2015). Defendant also filed a motion with the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 2244 to file a second or successive motion under 28 U.S.C. § 2255. We stayed his motion in this court, until the Third Circuit ruled upon his motion to file a second or successive section 2255 motion. (Doc. 192).

The Third Circuit granted defendant leave to file a second or successive section 2255 motion on August 11, 2016, and we lifted the stay on September 2, 2016. (Doc. 195). Because the appeals courts were clarifying aspects of the law involved in this case, we granted several stays.[1] The parties then completed briefing the issues, and the matter is now ripe for decision.

---

[1] For example, the government moved for us to stay the case again pending the Third Circuit ruling in United States v. Robinson, No. 15-8544 and the United States Supreme Court ruling in Beckles v. United States, 135 S.Ct.

**Jurisdiction**

As defendant brings his motion under section 2255 with permission from the Court of Appeals to file a second or subsequent 2255 motion, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Standard of review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A

---

2551. Robinson and Beckles dealt with issues pertinent to the defendant's motion. We granted this stay on September 14, 2016. (Doc.197). The Robinson and Beckles cases were finally decided and the stay was lifted again. (Doc. 201).

The parties next moved for a stay because petitions for writs for certiorari to the Supreme Court had been filed in several cases which would likely offer significant guidance regarding this case. (Doc. 206). We granted the stay on May 10, 2017. (Doc. 207). The Supreme Court eventually denied certiorari in these cases, and the stay in this case was lifted again. (Doc. 213). The defendant then moved to stay the case pending the disposition of Sessions v. Dimaya before the United States Supreme Court. We granted the stay on March 13, 2018. (Doc. 221). The Supreme Court issued its decision in Sessions and thus on April 20, 2018, we lifted the stay yet again. (Doc. 225).

federal prisoner may also file a section 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[2] A section 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n. 25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment,

---

[2] Timeliness is not an issue in the instant case.

resentence the prisoner, or grant the prisoner a new trial as appropriate.  <u>See</u> 28 U.S.C. § 2255(b).

**Discussion**

As noted above, the defendant received mandatory sentences under the ACCA and the TSL.  The sentencing is at issue currently, thus, we will describe with more particularity the sentence in this case.

The jury found defendant guilty of the following:

Count 1 - Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(o);

Count 2 - Bank Robbery, 18 U.S.C. § 2113(d) and 2;

Count 3 - Using a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. § 924(c) and 2;

Count 4 - Possession of Firearm by a Person Convicted of a Crime Punishable by Imprisonment Exceeding One Year 18 U.S.C. § 922(g)(1) and § 924(e); and

Count 5 – Transportation of a Firearm in Interstate Commerce, 18 U.S.C. § 924(b) and 2.

The federal TSL provides for mandatory life imprisonment upon the third conviction of a serious violent felony.  18 U.S.C. § 3559.[3]

Prior to trial the United States filed an "Information of Prior Convictions Notifying Defendant of Intention to Seek Mandatory Life Imprisonment," which informed the defendant that the government would seek mandatory life imprisonment under the TSL on Counts 1, 2, 3 and 5.  (Doc. 95).  The information indicated that defendant had been convicted of the following prior charges:

1) Robbery 1 and Criminal Possession of Stolen Property, New York state, 1976;

2) Robbery 1, Grand Larceny 3, Escape 1 and Criminal Possession of a Weapon 4, New York state, 1983;

3) Criminal Possession of a Weapon 2nd Degree, Robbery 1st degree, Robbery 1st degree, attempted murder 2nd degree, attempted murder 2nd degree, criminal possession of a Weapon 2nd Degree, Criminal Possession of a Weapon 2nd Degree, 1988.

(Doc. 95, Govt's Information of Prior Convictions).

---

[3] The TSL also applies after the second conviction of a serious violent felony if the defendant also has a conviction for a serious drug offense

The Presentence Report used the second and third of these three prior offenses as a justification to impose the TSL and its mandatory life sentence. (PSR ¶ ¶ 38, 51, 52).  The Presentence Report also suggested that defendant is an armed career criminal due to three prior convictions for violent felonies under 18 U.S.C. § 924(c).  (PSR ¶ 76).  The defendant's motion challenges all of these findings.  We will address them all in turn.

## A.  Career Criminal

The court sentenced the defendant as a "career criminal" under the United States Sentencing Guidelines (hereinafter "USSG") § 4B1.2(a)(2).  The instant petition originally argued that defendant's classification as a "career criminal" is not proper, and therefore, his sentence should be vacated.  In his reply brief, however, the defendant concedes that he is not entitled to any relief on this issue.[4]

## B.  ACCA

The court also sentenced the defendant under the ACCA.  The ACCA mandates a minimum fifteen-year prison sentence for a defendant who possessed a firearm after three prior convictions for serious drug offenses or

---

[4] The defendant's argument had been that the USSG career criminal section was void for vagueness and thus violated the Constitution's Due Process Clause. Subsequent to the filing of this petition, however, the United States Supreme Court held that the USSG cannot be challenged for vagueness under the Due Process Clause.  United States v. Beckles, - - U.S. - - , 37 S.Ct. 866, 895 (2017).

violent felonies committed on different occasions. 18 U.S.C. § 924(e).  These

prior convictions are termed "predicate offenses." The court applied this

enhancement to Count 4 – Possession of Firearm by a Person Convicted of a

Crime Punishable by Imprisonment Exceeding One Year, 18 U.S.C. § 922(g)(1)

and § 924(e).

Defendant attacks this sentencing enhancement on the basis that, although

he has several New York state robbery convictions, they do not amount to

predicate offenses under the ACCA.  After a careful review, we agree in that the

New York robbery statute does not categorically amount to a "violent felony" as

that term is defined under federal law.

To begin our analysis we will review the defendant's prior state court

convictions.  The government bears the burden of establishing by a

preponderance of the evidence each element required for a sentencing

enhancement, United States v. Hernandez, 218 F.3d 272, 278 (3d Cir. 2000),

and as set forth above, the government filed an information of prior convictions

revealing defendant's prior convictions as follows:

> 1) Robbery 1 and Criminal Possession of Stolen
> Property, New York state, 1976;
> 2) Robbery 1, Grand Larceny 3, Escape 1 and
> Criminal Possession of a Weapon 4, New York state,
> 1983;
> 3) Criminal Possession of a Weapon 2nd Degree,
> Robbery 1st degree, Robbery 1st degree, attempted
> murder 2nd degree, attempted murder 2nd degree, criminal

possession of a Weapon 2nd Degree, Criminal Possession of a Weapon 2nd Degree, 1988.

(Doc. 95, Govt's Information of Prior Convictions).

Next, we must determine if these crimes amount to crimes of violence as that term is defined by the ACCA.   Under ACCA, a crime of violence is one where it is a felony and "**(i)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"   18 U.S.C. § 924(e)(2)(B).

The violent felony definition can be broken down into three different clauses.  The portion of the definition starting with "has as an element …"  is referred to as the "elements clause."  Next is the enumerated offenses clause which lists burglary, arson, extortion and crimes involving explosives. The remainder of the definition, including conduct which presents a serious potential risk of physical injury, is called the residual clause.  The United States Supreme Court has declared the residual clause unconstitutional.  Johnson v. United States, - - U.S. - -, 135 S.Ct. 2551 (2015).  The Court held that the clause violates the Due Process Clause of the Constitution because it is too vague. Id.

As the residual clause has been deemed unconstitutional, we must determine whether the defendant's prior convictions fall within either the

enumerated offenses or the "elements clause." If they do not then the ACCA is inapplicable.[5]

The enumerated offenses are burglary, arson, extortion and offenses involving explosives. Defendant's prior convictions involving robbery do not fit within the enumerated offenses, and thus we must examine them to conclude if they fall within the "elements clause."[6]

The "elements clause" provides that a crime is a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). The government's first argument is that all grades of "robbery" in New York have as an element "forcible stealing." That the action needed to amount to "forcible stealing" is enough to also meet the requirement of "violent" physical force under the ACCA. Thus, any conviction of robbery in New York can serve as a predicate conviction for application of the ACCA. The defendant disagrees. After a careful review, we agree with the defendant.

---

[5] The Third Circuit Court of Appeals has held that once a defendant has cleared the gatekeeping requirements of filing a second or successive section 2255 motion, then he may rely upon cases which were decided after his sentencing to ensure that the ACCA is applied appropriately. United States v. Peppers, 899 F. 3d 211, 230 (3d Cir. 2018). Accordingly, we have not limited our review to only cases which were decided before the defendant's sentencing.

[6] The defendant's prior convictions also include attempted murder. The parties, however, have not argued that this crime is relevant to the ACCA analysis and we have not considered it.

The government is correct to point out that all grades of robbery in New York require "forcible stealing."  In pertinent part, New York law provides:

> Robbery is forcible stealing.  A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
> 1.  Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
> 2.  Compelling the owner of such property or another person to deliver up the property to engage in other conduct which aids in the commission of the larceny.

N.Y. PENAL LAW § 160.00.

According to the government, the term "forcible stealing" connotes the same physical, violent force required for the crime to fall under the ACCA as a violent felony. The Supreme Court, however, has explained that for a crime to be a "violent felony" means "*violent* force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).   The term "violent" "connotes a substantial degree of force." Id.  Thus, for the government's first argument to be convincing, the "forcible stealing" must involve force capable of causing physical pain or injury to another person.   To determine what level of force is required for "forcible stealing" under the New York statute we look to New York state law and its interpretation of its statute and elements.  Id. at 138.  It appears that under New York law an individual may be

12

convicted of robbery without the use of violent force capable of causing physical pain or injury to another person.

For example, the defendant cites to the following New York cases where the courts found "forcible stealing": "Defendant bumped his unidentified victim, took money, and fled while another forcibly blocked the victim's pursuit." <u>People v. Lee</u>, 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1993); "[Defendant] and three others formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away." <u>People v. Bennett</u>, 631 N.Y.S.2d 834 (N.Y. App. Div. 1995); "Proof that store clerk grabbed the hand in which defendant was holding the money [he was robbing] and the two tugged at each other until defendant's hand slipped out of the glove holding the money was sufficient to prove that defendant used physical force for the purpose of overcoming the victim's resistant to the taking." <u>People v. Safon</u>, 560 N.Y.S. 2d 552 (N.Y. App. Div. 1990). The United States District Court for the Eastern District of New York has explained that "the 'forcibly stealing' element . . . which is . . . common to all New York robbery offenses, includes *de minimis* levels of force which do not fall within the federal definition of 'crime of violence' in 18 U.S.C. § 16(a)." <u>United States v. Moncrieffe</u>, 167 F. Supp. 3d 383, 404 (E.D. N.Y. 2016). The court stated that "New York courts have explained that the 'physical force' threatened or employed [to justify a

robbery conviction under New York law] can be minimal, including a bump, a brief tug-of-war over property, or even the minimal threatened force exerted in 'blocking' someone from pursuit by simply standing in their way." Id. at 403. The *de minimis* level of force needed for a robbery conviction is less than the amount of force need to fall under the federal definition of "crime of violence". Therefore, we reject the government's first argument that all robberies under New York law are violent felonies under federal law. [7]

We will, thus, proceed with our analysis of the prior New York robbery convictions at issue in the present case. The Presentence Investigation Report (hereinafter "PSR") lists the above-mentioned New York state robbery convictions.[8] (See PSR ¶¶ 49, 51, 52). The PSR, however, does not mention the grading of the robberies. The information of prior convictions reveals that the robberies are of the first degree, and that is the manner in which we will address

---

[7]The Third Circuit Court of Appeals has similarly found that third degree robbery under Pennsylvania law is not a crime of violence under federal law because it requires only the "merest touching". Peppers, 899 F.3d at 232-33.

[8] Several other crimes are mentioned in the PSR but as to the ACCA analysis, the parties focus on the robbery convictions. If the robbery convictions are not violent felonies under the ACCA, then the defendant does not have a sufficient number of predicate convictions for the application of the ACCA sentencing enhancement.

them to determine if they are "violent felonies" so as to make sentencing enhancements applicable.[9]

As discussed above, New York law provides that a robbery occurs when one "forcibly steals property," and it is graded as a "first degree" robbery where the defendant:

> 1.  Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; or
> 3.  Uses or threatens the immediate use of a dangerous instrument; or
> 4.  Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm[.]

N.Y. PENAL LAW § 160.15.

To apply the analytic framework provided by the Supreme Court, we must initially determine if this criminal statute is "divisible" or "indivisible" under federal law. See Mathis v. United States, - - U.S. - - , 136 S.Ct. 2243, 2256 (2016). A statute is "divisible" if its subsections "comprise[] multiple, alternative versions of the crime." United States v. Chapman, 866 F.3d 129, 134 (3d Cir. 2017). On the other hand, the statute is "indivisible" if it "sets out a single set of elements to define a single crime." Id. n.5. Because there are four different scenarios under the statute which can grade a robbery as "first degree," the criminal statute is

---

[9] The PSR does not even mention the robbery listed as the first predicate offense in the information. Rather, it only mentions the criminal possession of stolen property. This failure to mention the robbery appears to merely be an oversight.

divisible.  In other words, the four subsections set forth above all describe

different alternative versions of the crime, rather than setting forth elements, all of

which must be met, to describe one specific crime.  Thus, the criminal statute is

"divisible."

Where a criminal statute is "divisible" we use the "modified categorical"

approach to determine if the crime described therein is a violent felony under the

ACCA.  The United States Supreme Court has explained as follows:

> We have previously approved a variant of this method—
> labeled (not very inventively) the "modified categorical
> approach"—when a prior conviction is for violating a so-
> called "divisible statute." That kind of statute sets out one
> or more elements of the offense in the alternative—for
> example, stating that burglary involves entry into a
> building *or* an automobile. If one alternative (say, a
> building) matches an element in the generic offense, but
> the other (say, an automobile) does not, the modified
> categorical approach permits sentencing courts to consult
> a limited class of documents, such as indictments and
> jury instructions, to determine which alternative formed
> the basis of the defendant's prior conviction. The court
> can then do what the categorical approach demands:
> compare the elements of the crime of conviction
> (including the alternative element used in the case) with
> the elements of the generic crime.

Descamps v. United States, 570 U.S. 254, 257 (2013).

We may examine "extra-statutory materials," called Shepard documents, to

determine the specific crime of conviction.  These materials include the "charging

document, written plea agreement, transcript of plea colloquy, and any explicit

factual finding by the trial judge to which the defendant assented."  Shepard v.

United States, 544 U.S. 13, 16 (2005).   In other words, we apply what has been deemed the modified categorical approach and examine a limited set of documents from the defendant's criminal record to see if it conclusively demonstrates under which of the statutory sections he was convicted. Once the specific crime of conviction has been determined then we use the categorical approach and compare the state criminal statute of conviction to the relevant generic federal offense of robbery.  Peppers, 899 F.3d at 232.

The government bears the burden of establishing by a preponderance of the evidence each element required for a sentencing enhancement.   United States v. Hernandez, 218 F.3d 272, 278 (3d Cir. 2000).  To that end, the government has submitted several documents for the court to examine to determine if defendant's state court convictions amount to a violent felony. These documents are "Certificates of Disposition" and such records may be used in these instances.  See United States v. Green, 480 F.3d 627, 632-33 (2d Cir. 2007); United States v. Hernandez, 218 F.3d at 278-279 (holding that Certificates of Disposition may be used, however, they are not always conclusive).

Here, the Certificates of Disposition do nothing to enlighten the issue of what subsection of the New York robbery statute the defendant was convicted under.  The certificates merely state that the defendant on these various occasions was convicted of Robbery 1. (Doc. 236).

17

When we cannot determine which version of the robbery statute the defendant has been convicted of, we examine the minimum conduct necessary to be found guilty of robbery under the statute. Johnson v. United States, 559 U.S. at 138(examining the minimum conduct necessary to be found guilty because "nothing in the record" would lead the court to conclude that the conviction "rested upon anything more than the least of these acts."). If this minimum conduct does not meet the definition of "violent felony," then the prior robbery conviction cannot be used as a predicate offense. Id.

Of the four acts listed above which can make a robbery be graded as "first degree," the minimum conduct needed is for the defendant to commit the robbery while carrying a deadly weapon. N.Y. PENAL LAW § 160.15(2); United States v. Jones, 830 F.3d 142, 151 (2d Cir. 2016) (vacated on other grounds); United States v. Jones, CR No. 9-06, 2017 WL 1954566 (W.D. Pa. 2017). Thus, defendant may have been found guilty for possessing a weapon. Mere possession of a weapon, while very serious and dangerous, is insufficient to meet the "force" requirement of the ACCA. See Jones, 2017 WL at * 3; United States v. Parnell, 818 F.3d 974, 980 (9th Cir. 2016); United States v. Moore, 2003 F. Supp. 3d 854, 861 (N.D. Oh. 2016). The minimum conduct needed to be convicted of first degree robbery under New York state law does not meet the definition of "violent felony" and the ACCA. Accordingly, defendant's prior

robbery convictions cannot be used as predicate offenses to support imposition of the ACCA's sentencing enhancement. The judgment of sentence regarding Count 4 will thus be vacated, and we will resentence the defendant.

## C. The Three-Strikes Law

Lastly, the court also enhanced the defendant's sentence based upon the TSL, 18 U.S.C. § 3559. This sentencing enhancement resulted in mandatory life sentences on four of the counts of conviction. The TSL applies when someone is convicted of a serious violent felony where they have had two or more prior convictions for "serious violent felonies."

The "Three Strikes Law" or "Habitual Offender Act" specifically provides:

> **(1) Mandatory life imprisonment.** - - Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if- -
> **(A)** the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of - -
> **(i)** 2 or more serious violent felonies; [.]

18 U.S.C. § 3559 (c)(1)(A)(i).

Accordingly, for the TSL to apply, the defendant must be convicted of a "serious violent felony" and have two prior convictions of "serious violent felonies."

Federal law defines "serious violent felony" as follows:

> **(F)** the term "serious violent felony" means--

19

> **(i)** a Federal or State offense, by whatever designation
> and wherever committed, consisting of murder (as
> described in [section 1111](#)); . . . robbery (as described in
> [section 2111](#), [2113](#), or [2118](#));. . . and
> **(ii)** any other offense punishable by a maximum term of
> imprisonment of 10 years or more that has as an element
> the use, attempted use, or threatened use of physical
> force against the person of another or that, by its nature,
> involves a substantial risk that physical force against the
> person of another may be used in the course of
> committing the offense;

18 U.S.C. § 3559(c)(2)(F).

This enhancement of a mandatory life imprisonment sentence was applied to Counts 1, 2, 3 and 5. Thus at sentencing, the court found that the defendant's current charges were for serious violent felonies and that he had two or more prior convictions of serious violent felonies. To analyze whether this enhancement was properly imposed we must first determine if the federal crimes charged in Counts 1, 2, 3 and 5 are "serious violent felonies" then we must examine the defendant's prior state convictions to determine if at least two of them are "serious violent felonies" under the TSL. We will first address the crimes charged and then the prior convictions.

## 1. Crimes Charged

Counts 1, 2, 3 and 5 involved the following crimes: conspiracy to use, carry and brandish firearms in furtherance of an armed bank robbery; armed bank robbery; using, carrying and brandishing firearms in furtherance of an armed bank robbery; and shipping transporting or receiving a firearm or ammunition in

interstate commerce.  These crimes invoke the TSL because they involve bank robbery and incidental crimes.  <u>See</u> 18 U.S.C. § 2113.  The defendant does not appear to argue that they are not serious violent felonies under the TSL.  (<u>See</u> Doc. 188, Def's. Mot. To Correct Sentence at 16 n.9 ("Mr. Shabazz acknowledges that armed bank robbery in violation of 18 U.S.C. § 2113 is an enumerated offense within the three strikes law, 18 U.S.C. § 3559(c)(2)(F)(i).")).  Thus, the first factor for application of the TSL is met – the jury in this case convicted the defendant of serious violent felonies.

### 2.  Prior convictions

Next, we must review defendant's prior state convictions to decide whether two or more of them are "serious violent felonies" so as to render the TSL applicable.

As noted above, under the TSL, a defendant who has two prior convictions of "serious violent felonies" faces a minimum life sentence.  18 U.S.C. § 3559(c). Federal law defines "serious violent felony" as follows:

> **(F)** the term "serious violent felony" means--
> **(i)** a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in <u>section 1111</u>); . . . robbery (as described in <u>section 2111</u>, <u>2113</u>, or <u>2118</u>);. . . and
> **(ii)** any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the

21

person of another may be used in the course of
committing the offense;

18 U.S.C. § 3559(c)(2)(F).

Just as with the ACCA, the TSL provides a definition of "serious violent felony" that contains various clauses. The definition includes an enumerated clause, an elements clause and a residual clause. The residual clause in the TSL is nearly identical to the residual clause of the ACCA which the Supreme Court found unconstitutional in <u>Johnson</u>.[10] Thus, the constitutionality of the residual clause here is seriously called into doubt.[11] To determine if the defendant's prior crimes are "serious violent felonies" under the TSL, we will determine if they are included in the enumerated offenses clause or the elements clause.[12]

---

[10] The residual clause of the TSL defines "serious violent felony" as an offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]" 18 U.S.C. § 3559(c)(2)(F)(ii). The residual clause in the ACCA defines "violent felony" as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[.]" 18 U.S.C. § 924(e)(2)(B).

[11] In fact, the Third Circuit granted the petitioner leave to file a second or successive motion under 28 U.S.C. § 2255 because the motion contains a new rule of constitutional law (found in <u>Johnson</u>) that was previously unavailable and made retroactive to cases on collateral review. (<u>See</u> Doc. 194).

[12] In <u>Johnson</u>, the Supreme Court explained that the Fifth Amendment Due Process Clause prohibits federal criminal laws which are so vague that they "fail to give ordinary people fair notice of the conduct [they] punish[] , or so standardless that it invites arbitrary enforcement." <u>Johnson v. U.S.</u>, 135 S.Ct. 2551, 2556 (2015). The Supreme Court found that the residual clause of the ACCA defining "serious felony" was unconstitutionally vague under this standard.

In the instant case, one of the prior convictions is for robbery and the other is for attempted murder. As noted above, the enumerated offenses clause includes robbery and murder, and attempt to commit such, as serious violent felonies. 18 U.S.C. § 3559(c)(2)(F)(i). The defendant does not dispute that attempted murder falls under the enumerated offenses. The question becomes therefore, whether a robbery committed in New York state falls under the enumerated offenses and failing that, whether such a conviction falls under the elements clause. Based upon our analysis above with regard to the ACCA, it appears that the defendant's New York state robbery convictions do not fall under either clause.

With regard to the enumerated offense of "robbery" we apply the categorical approach. We analyze the general federal definition of "robbery" versus the state definition for robbery. As set forth above, the New York state definition of "robbery" is broader than the federal definition of robbery. Therefore, the defendant's prior robbery conviction does not fall under the enumerated offenses of the TSL.

Next, we must determine whether the defendant's New York state robbery conviction falls under the TSL's elements clause. The elements clause defines "serious violent felony" as an offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted

use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 3559(c)(2)(F)(ii).

In the previous section of this memorandum, we decided that the defendant's New York state conviction did not fall under the "elements clause" of the ACCA. Here, the elements clause of the TSL is identical to the elements clause of the ACCA. Accordingly, we find that the same analysis applies, and the defendant's prior robbery convictions from New York state do not meet the definition of "serious violent felony" found in the elements clause of the TSL.

We have found that defendant's New York state convictions do not fall within the enumerated offenses or within the elements clause. We have further found we cannot rely upon the residual clause as its constitutionality is seriously in doubt. Those are the only three ways in which the defendant's convictions could be used as predicate acts under the TSL. Because defendant does not have the requisite number of predicate acts, we find that the TSL does not apply. Accordingly, the defendant's motion under section 2255 with regard to the TSL will be granted. Defendant's judgment of sentence with regard to Counts 1, 2, 3, and 5 regarding the mandatory life sentence will be vacated, and he will be resentenced.

**Conclusion**

Based upon our reasoning above, we find that granting the defendant relief under section 2255 is appropriate. He does not have the predicate convictions for the sentencing enhancements of the ACCA or the TSL. As he was sentenced with both enhancements, we will vacate our judgment of sentence and order the defendant resentenced. An appropriate order follows.

**BY THE COURT:**

**Date: Aug. 21, 2019**        **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**